UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| (I')SLA BALLARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:13-CV-1772 CAS |
| ) | |
| CITY OF ST. LOUIS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of plaintiff's complaint.

Plaintiff, who refers to himself as a "free Moor," brings this action pursuant to 42 U.S.C. § 1983 asserting violations of his Fourth Amendment rights against illegal search and seizure and false arrest.

In his complaint, plaintiff complains that on June 29, 2013 he pulled over while driving in his vehicle because of mechanical issues. After he pulled over, he states that two St. Louis City police officers stopped behind him and charged him with impeding the flow of traffic and failing to produce his driver's license. Plaintiff states that he was "falsely arrested" taken to the St. Louis City jail and "unlawfully searched" by a third St. Louis City police officer and then booked. Plaintiff claims that the police officers interfered with the "Universal Declaration of Human Rights," and he claims that they broke the "Treaty of Peace and Friendship between Morocco and the United States" when they refused to accept his "national Private Sovereign Vehicle Tags" and unreasonably

seized his "travel papers."  In short, he claims several violations of his Fourth Amendment rights relating to his June 29, 2013 arrest.[1]

**Discussion**

In Wallace v. Kato, the United States Supreme Court held that "the statute of limitations upon a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant is detained pursuant to legal process."  Wallace, 549 U.S. 384, 397 (2007).  The Court observed that "[f]alse arrest and false imprisonment overlap; the former is a species of the latter."  Id. at 388.  The Court instructed that where "a plaintiff files a false arrest claim before he has been convicted . . . it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended."  Id. at 393-94.  Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time when it can hardly be known what evidence the prosecution has in its possession."  Id. at 393 (internal citation omitted).

---

[1] Prior to this case being filed, an underlying criminal case was filed against plaintiff in the City of St. Louis, wherein he was charged with assault, resisting arrest and trespass in the first degree.  The criminal case remains pending and is set for trial on October 24, 2013. See Missouri v. Ballard, No.1222-CR00037.  However, his state criminal case does not appear to be related to the instant allegations in this case.  Rather, plaintiff filed a separate civil action relating to that arrest in this Court on June 24, 2013, see Ballard v. City of St. Louis, 4:13-CV-1192 JCH (E.D. Mo.), that was stayed and administratively closed on August 28, 2013.  Plaintiff also recently filed a third action in this Court on September 6, 2013, asserting violations of his civil rights relative to his conditions of confinement at the Medium Security Institute in St. Louis.  See Ballard v. City of St. Louis, 4:13-CV-1773 HEA.

In this case, plaintiff specifically asserts a claim for false arrest relating to the events for which he was arrested on June 29, 2013.  He also asserts additional claims under the Fourth Amendment, including claims for illegal search and seizure.

Although plaintiff states that he was arrested, charged and imprisoned on June 29, 2013, it is unclear whether the charges were pursued by the prosecutor or dropped, whether he is currently awaiting trial on those charges or if he has already been convicted for the offense for which he was charged.  As such, it is too early to determine whether a conviction in the criminal action relating to plaintiff's June 29, 2013, arrest will bar some or all of plaintiff's current claims pursuant to the principles of Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), but this is a distinct possibility.  See id. at 487 n.6.  After careful consideration, the Court finds that the principles established in Wallace v. Kato dictate that further consideration of plaintiff's § 1983 claims cannot go forward until plaintiff has answered the aforementioned questions.  Accordingly, plaintiff will be asked to show cause why his case should not be stayed pursuant to the considerations outlined in Wallace v. Kato.

Accordingly,

**IT IS HEREBY ORDERED** that all plaintiff shall **SHOW CAUSE** within thirty (30) days of the date of this Memorandum and Order why this case should not be **STAYED and ADMINISTRATIVELY CLOSED** pursuant to the principles established in Wallace v. Kato.

**IT IS FURTHER ORDERED** that if plaintiff fails to file a response to the Order to Show Cause within thirty (30) days of the date of this Memorandum and Order, plaintiff's case will be dismissed, without prejudice, for failure to respond to a Court Order.  See Fed.R.Civ.P. 41.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of September, 2013.